# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **LARRY MACK AND ASSOCIATES, LLC,** | |
| Plaintiff, | Case No._____ |
| **vs.** | Honorable_____ |
| **RITUS CORPORATION,** | Magistrate Judge _____ |
| Defendant. | |

_____

Randall J. Gillary (P 29905)
Kevin P. Albus (P 53668)
RANDALL J. GILLARY, P.C.
Attorneys for Plaintiff
201 W. Big Beaver Rd., Ste. 1020
Troy, MI 48084
(248) 528-0440
rgillary@gillarylaw.com
kalbus@gillarylaw.com

_____

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI 48084
_____

(248) 528-0440
FAX (248) 528-3412

## COMPLAINT FOR SALES COMMISSIONS AND JURY DEMAND

NOW COMES Plaintiff, Larry Mack and Associates, LLC, by and through its attorneys, RANDALL J. GILLARY, P.C., who complains against Defendant, Ritus Corporation, as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff, Larry Mack and Associates, LLC, is a Michigan limited liability company whose sole member is a citizen of the State of Michigan. Plaintiff is an independent sales representative firm in the automotive industry.

2. Defendant, Ritus Corporation, is a Wisconsin corporation with its principal place of business located in Milwaukee, Wisconsin. Defendant is a manufacturer of custom molded rubber and plastic products used in the manufacture of automobiles and other vehicles.

3. Defendant conducts business in the Eastern District of Michigan.

4. The amount in controversy exceeds $75,000, exclusive of costs, interest, and attorney fees.

## COUNT I – BREACH OF CONTRACT
## TO PAY SALES COMMISSIONS

5. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 4 as if the same were fully set forth herein.

6. In approximately February of 2011, Plaintiff entered into an express and/or implied agreement with Defendant's predecessor wherein and whereby Plaintiff would be an independent sales representative for Defendant's predecessor in the automotive industry in Michigan and throughout North America. Plaintiff promised and agreed to solicit new customers, and new orders from existing and new customers, for the sale of products and services to be

manufactured and/or supplied by Defendant's predecessor. In exchange, Defendant's predecessor expressly and/or impliedly agreed that it would pay sales commissions for the life of the part/product to Plaintiff for all sales to new customers procured by Plaintiff and for all new orders solicited and procured by Plaintiff from new or existing customers.

7. Upon information and belief, Defendant was purchased by Blue Point Capital Partners in August of 2019. It was expressly and/or impliedly agreed by the parties that the prior agreement entered into between Plaintiff and Defendant would continue unchanged.

8. From and after the date of the above-described purchase, Plaintiff has acted as an independent sales representative for Defendant, in accordance with the express and/or implied agreement described above.

9. Plaintiff was very successful in soliciting and procuring new customers and new orders for the sale of Defendant's products to the automotive industry. The total sales procured by Plaintiff and the commissions for those sales for the period of January 1, 2019 through December 2021, along with the estimated sales and commissions for 2022, are approximately as set forth below.

| Year | Sales | Commissions |
|---|---|---|
| 2019 | $4,766,000.00 | $238,320.55 |
| 2020 | $4,514,000.00 | $225,724.19 |
| 2021 | $5,069,000.00 | $253,458.70 |
| 2022 | $6,800,000.00 | $340,500.00 |

3

10. In December of 2021, Larry Mack the owner of Plaintiff, contracted COVID and became very ill. On December 15, 2021, Mr. Mack advised Defendant that he had decided to retire due to the fact that Defendant was pressing him to engage in pricing discussion with customers, but Mr. Mack was too ill to do so. Mr. Mack was fearful that he would not survive COVID. Notably no retirement date was given.

11. On December 23, 2021, Mr. Mack sent an email to Defendant stating that he was feeling better, and no longer wanted to retire.

12. Defendant has cut off all communications with the Plaintiff. Upon information and belief, Defendant advised Plaintiff's customers that Plaintiff would no longer be representing Defendant. Defendant effectively terminated Plaintiff at that time.

13. Defendant has breached the express and/or implied sales representation agreement by stopping the payment of commissions to Plaintiff and by failing to pay sales commissions to Plaintiff for the life of the part/product for all sales to customers procured by Plaintiff and for all orders procured by Plaintiff.

14. As a direct and proximate result of Defendant's breach of the express and/or implied sales representation agreement, Plaintiff has been damaged in an amount in exceeding $75,000, exclusive of costs, interest, and attorney fees.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in any amount in excess of $75,000 to which he is found to be entitled, together with costs, interest, and attorney fees so wrongfully incurred.

## COUNT II – DECLARATORY JUDGMENT

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 as if the same were fully set forth herein.

16. There is an actual controversy between the parties as to Defendant's liability to Plaintiff for continuing post-termination sales commissions for the life of the part/product relative to all sales to customers and orders solicited and procured by Plaintiff.

17. This Court has the power pursuant to Fed. R. Civ. P. 57 to issue a judgment declaring the respective rights, duties, and obligations of the parties.

18. Plaintiff is seeking a declaratory judgment from this Court that Defendant is liable to Plaintiff for continuing post-termination sales commission for the life of the part/product on all sales to customers or accounts procured by Plaintiff and on all sales resulting from orders solicited or procured by Plaintiff.

WHEREFORE, Plaintiff requests entry of a declaratory judgment that Defendant is liable to Plaintiff for continuing post-termination sales commissions for the life of the part/product on all sales to customers or accounts procured by

Plaintiff and on all sales resulting from orders solicited or procured by Plaintiff, together with costs, interest, and attorney fees so wrongfully incurred.

                                                Respectfully submitted,

                                                s/Randall J. Gillary
                                                Randall J. Gillary, P.C.
                                                201 W. Big Beaver Rd., Ste. 1020
                                                Troy, MI  48084
                                                (248) 528-0440
                                                rgillary@gillarylaw.com
                                                P29905

Date:  December 30, 2021

## JURY DEMAND

NOW COMES Plaintiff, Larry Mack and Associates, LLC, by and through its attorneys, RANDALL J. GILLARY, P.C., who respectfully demands a trial by jury in the above-captioned matter.

                                                Respectfully submitted,

                                                s/Randall J. Gillary
                                                Randall J. Gillary, P.C.
                                                201 W. Big Beaver Rd., Ste. 1020
                                                Troy, MI  48084
                                                (248) 528-0440
                                                rgillary@gillarylaw.com
                                                P29905

Date:  December 30, 2021